## Nason & al. vs. Read.

In an action for contribution, between the sureties of a collector of taxes, for money paid by one of them without suit, the town treasurer is a competent witness to prove the collector's delinquency.

Where the collector of a town had given bond with sureties, conditioned for the faithful collection of the town taxes ; and afterwards had given another bond, with other sureties, for the faithful collection of a school-house tax ; after which he paid over a large sum of money to the treasurer, taking his receipt, in which he promised to account for that sum to the town; it was held,—in an action for contribution between the sureties on the first bond, one of whom had voluntarily paid the amount of an alleged delinquency,—that parol testimony was admissible to prove that the sum thus paid included the amount of the school-house tax, which had accordingly been paid over by the treasurer, by direction of the collector ; and that therefore the deficiency existed only in the first bond.

This was an action of *assumpsit* brought by the plaintiffs, who were sureties in an official bond given by one *Bartlett Lancaster* as collector of taxes in the town of *Augusta*, for the year 1823, against their co-surety, for contribution ; they having paid $298,34 for his alleged delinquency. The defendant denied the fact of the delinquency.

It appeared at the trial before *Weston J.* that the amount of taxes committed to the collector and expressed in the condition of the bond was $3386,60. Soon after these bills were received by the collector, another bill was committed to him for the collection of a sum of money to build a school house for the use of a school district in the same town ; for the faithful performance of which latter duty he gave another bond, with other sureties.

To show that there was no delinquency in the collector, the defendant produced a receipt given *Jan.* 3, 1824, by the town treasurer to the collector, for $3549,83 in money, notes and orders, being money collected by him for the town of *Augusta*, for the year 1823 ; for which the treasurer promised to account to the town on demand. It appeared that about 800 dollars of this sum was paid in money, and the residue in town notes and orders, and some prior receipts then taken up ; one of them having been given *Oct.* 22, 1823, for

Nason & al. *v.* Read.

$400,67 in cash, and $403,56 in orders. The defendant contended that the whole amount was to be applied to the taxes mentioned in the first bond.

It was insisted, however, by the plaintiffs, that $400 of this sum was paid on account of the school-house tax; and they proved by the treasurer, whose admission, as well as the admissibility of any parol testimony to the point was opposed by the defendant, that when he gave the receipt, the collector directed him to pay over $400 of the money to the committee of the school district, which he forthwith did. This fact was contradicted by the collector, who testified that he paid over the school-house tax to the treasurer in *October* preceding. If the appropriation was made as testified by the treasurer, and the school-house tax was included in the receipt of *Jan.* 3, 1824, the plaintiffs' case was made out. And whether it was so or not was left to the jury, who returned a verdict for the plaintiffs; which was taken subject to the opinion of the court upon the points raised at the trial.

*Allen,* for the defendant, argued against the admissibility of the treasurer, on the ground that he was interested in the matter of the suit, being responsible to the town for the money in question, if the case of the plaintiffs was not made out. *Emerton v. Andrews,* 4 *Mass.* 153.

He further contended that the testimony itself was inadmissible, as it contradicted the written contract of the treasurer to account for that money to the town;—a contract too, in which other persons had an interest from the moment it was made. It was an official admission of a fact, on which the sureties might rely; and to change it by parol testimony would operate to defraud them. 3 *Stark. Ev.* 1002, 1005, 1272, 1275; *Small v. Quincy,* 4 *Greenl.* 497.

*Emmons,* for the plaintiffs, cited 1 *Stark. Ev.* 186, 191, 196; 4 *Mass.* 441; 13 *Mass.* 199; 16 *Mass.* 118; 4 *Maule & Selw.* 479; 5 *Pick.* 447; 3 *Stark. Ev.* 1273—5, 1044; 9 *Johns.* 310; 1 *Johns. Ca.* 145; 2 *Johns.* 378; 5 *Johns.* 58; 5 *Ves.* 87; 3 *Johns.* 316; 11 *Mass.* 27; 5 *Mass.* 101, 353; 7 *Mass.* 261; 10 *Mass.* 39; 6 *Mass.* 350.

---

---

MELLEN C. J. delivered the opinion of the Court.

This case presents two questions. 1. Was the treasurer properly admitted as a witness? 2. If so, was it competent for him to testify as he did in relation to his receipt of *January 3d,* 1824 ?

As to the first question; it is a well settled principle of law, that if a person has a direct interest in the event of the cause depending, or if the verdict in such case can be used in evidence for or against him, he is not a competent witness. Now it is perfectly clear that in the event of this cause he has no direct interest, nor does it appear that the town of *Augusta* has any. The plaintiffs have paid the amount which the collector ought to have paid; and, of course their claim is satisfied, in respect to the deficiency of the collector, in the discharge of his duty. To whom then can the treasurer be responsible? The event of this cause does not render his situation better or worse, it gives him no rights, it relieves him from no liability. Nor can the verdict in this case ever be used for or against him in any other action in which he may be a party. Such a cause must be tried on its own facts and merits. Our opinion, therefore, is that he was properly admitted as a witness.

As to the second point; the authorities cited establish the principle that a receipt for a sum of money is not conclusive evidence as to the facts it imports. It may be explained where its language is in any degree ambiguous, or where, by mistake, it imports more than the truth. It is not contended in the present case that there was any mistake, but the testimony of the witness was admitted to explain the receipt so far as to show that $400, part of the sum therein expressed, was received by him on account of the school house tax and that he had paid it over accordingly : and that in one sense, it was the town's money, being designed for the benefit of the town by being expended under the control of one of the school districts in the town. We do not perceive any principle of law which forbids such explanation.

But it is further urged that the paper dated *January 3d,* 1824, is not merely a receipt, but also a contract. It is only a promise to account for the sum received to the town; and amounts to nothing

more than to do that which the law required of him without any such promise; and he did account for it in the manner before mentioned.

On the whole, we see no good reason for sustaining the motion.

*Judgment on the verdict.*